**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-30099 |
| Plaintiff-Appellee, | D.C. No. 2:20-cr-00032-WFN-1 |
| v. | |
| HOMERO RUIZ-CALDERON, AKA Homero Calderon-Ruiz, AKA Homero Ruiz, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, District Judge, Presiding

Submitted March 26, 2024[**]

Before:      TASHIMA, SILVERMAN, and KOH, Circuit Judges.

Homero Ruiz-Calderon appeals his conviction, following a conditional

guilty plea, for being an alien in the United States after deportation, in violation of

8 U.S.C. § 1326.  He argues that the district court erred by denying his motion to

dismiss the indictment.  We have jurisdiction under 28 U.S.C. § 1291, and we

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

affirm.

A defendant charged with a criminal offense under § 1326 may challenge his underlying removal order only if he "exhausted any administrative remedies that may have been available to seek relief against the order." 8 U.S.C. § 1326(d)(1). Ruiz-Calderon, who waived his administrative appeal of his removal order, contends that he can nevertheless challenge it because the immigration judge ("IJ")'s incorrect advisement concerning his right to voluntary departure rendered his waiver invalid. We recently rejected this precise argument, holding that an administrative appeal is "available" to a defendant within the meaning of § 1326(d)(1) even if the IJ's statements regarding voluntary departure affected the defendant's understanding of the value of an appeal. *See United States v. Portillo-Gonzalez*, 80 F.4th 910, 919-20 (9th Cir. 2023). Because Ruiz-Calderon did not file such an appeal, he did not exhaust his administrative remedies and was accordingly precluded from challenging his underlying removal order. *See id.* at 920; *see also United States v. Palomar-Santiago*, 593 U.S. 321, 329 (2021) ("[E]ach of the statutory requirements of § 1326(d) is mandatory.").

**AFFIRMED.**

22-30099